## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC.,<br>a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VONAGE HOLDINGS CORP., a Delaware corporation,<br>VONAGE AMERICA, INC., a Delaware corporation,<br>GLOBALTOUCH TELECOM, INC.,<br>a Delaware corporation, SPEAKEASY, INC.,<br>a Georgia corporation,<br><br>Defendants. | C.A.No. 2:06-cv-275(LED)<br><br>JURY DEMANDED |

## VONAGE'S OBJECTIONS TO THE MEMORANDUM OPINION AND ORDER DATED AUGUST 7, 2007 CONSTRUING THE CLAIMS OF THE ''576 PATENT

Pursuant to Fed.R.Civ.P. 72(a), Defendants Vonage Holdings Corp. and Vonage America, Inc. (collectively "Vonage") hereby file their objections to the Memorandum Opinion and Order dated August 7, 2007, construing certain terms in the asserted claims of U.S. Patent No. 5,572,576 ("the '576 patent"). Specifically, Vonage objects to the construction of the term "user remote access device" as clearly erroneous because in reaching the construction, the Court relied on an erroneous citation to the prosecution record provided to the court by Plaintiff Klausner Technologies, Inc. ("Klausner") in its reply brief.

Accordingly, Vonage requests that the Court affirm Vonage's objections and reconsider the construction of the term "user remote access device" in view of the correct prosecution record.

## I.    Construction Of The Term "User Remote Access Device"

Vonage proposes that the term "user remote access device" is properly construed as the "user remote access device having the structure specified in Claim 1." Rule 4-5 Comparative Claim Chart. More specifically, Vonage proposes that the "user remote access device" be construed as including at least "[a] microprocessor, a memory, a telephone coupling, a telephone receiver, display and functions." See Markman Hearing Transcript, p. 93:11-19, Ex. A.

Vonage's proposed construction is based on the following:

(1) during prosecution of the '576 patent, Klausner expressly acknowledged a distinction between a "user remote access device" and a "remote access device";

(2) the only description of a "user remote access device" in the entire written description of the '576 patent, including the parent and grandparent patents of the '576 patent, is in Claim 1 of the '576 patent;

(3) there is a presumption that identical terms found in different claims have the same meaning; and

(4) Klausner has not rebutted this presumption.

Vonage does not propose the importation of limitations from Claim 1 into any other claim. Rather, Vonage asserts that the only description of the structure of a "user remote access device" is provided in Claim 1 where part (b) recites "a user remote access device, which comprises" several limitations in means-plus-function form. There is a presumption that the term "user remote access device" recited in Claim 3 has the same meaning as the identical term recited in Claim 1. *PODS, Inc. v. Porta Stor, Inc.,* 2007 US. App. LEXIS 9584, *14 (Fed. Cir. 2007) (holding there is a "presumption that the same terms appearing in different portions of the claims should be given the same meaning unless it is clear from the specification and prosecution

history that the terms have different meanings at different portions of the claims") (quoting *Fin Control Sys. Pty., Ltd. v. OAM, Inc.,* 265 F.3d 1311, 1318 (Fed. Cir. 2001)).

In the Memorandum Opinion and Order, the Court acknowledges that different terms are presumed to have different meanings. Memorandum Opinion and Order at p. 12. However, the Court rejected Vonage's proposed construction on the grounds that Klausner has overcome the presumption that a "user remote access device" has a different meaning than a "remote access device." In reaching the conclusion that Klausner has overcome the presumption, the Court relied on an erroneous citation to the record.

### A. The Court Relied On Erroneous Facts In Concluding That Klausner Did Not Distinguish Between A "Remote Access Device" And A "User Remote Access Device" By Amending Claim 1

During the prosecution of the '576 patent, Klausner amended Claim 1 to clarify that a "user remote access device" includes the structure specified in part (b) of Claim 1 in response to a rejection that the claim was indefinite under 35 U.S.C. § 112. In making the amendment, Klausner clearly and unequivocally acknowledged a distinction between a "remote access device" and a "**user** remote access device."

The Memorandum Opinion and Order states that "[t]he Court cannot conclude that such an amendment reflects an intention to define the 'user remote access device' of Claim 3 in terms of the means-plus-function limitations of Claim 1." Memorandum Opinion and Order at p. 13.

However, the Court's conclusion is based on an erroneous understanding of the facts. In support of the conclusion, the Court states:

(1) "the examiner expressed concern with the term 'system independent user remote access device'" and

3

(2)  "[i]n response, the inventors removed 'system independent' to 'make the claim

language consistent.'"  Memorandum Opinion and Order at p. 13.

### Each of these statements is in error.

First, prior to the amendment of Claim 1 (Claim 15 in the pending application), the claim

read, in relevant part, as follows:

> 15.     A telephone message system ... comprising:
> (a) a telephone answering device, which comprises:
> . . . .
> means for transmitting said first signals to a **user remote access device**
> for assisting in the selective retrieval of at least one of said stored voice messages;
>
> . . . .
> and
> (b)  a system-independent **remote access device**, which comprises:
> . . . .

Ex. B, p. 3 (emphasis added).

The examiner rejected Claim 15 under 35 U.S.C. § 112 on two separate grounds: (1) that

the term "system-independent" constituted new matter[1] ; and (2) that the claim was indefinite.

With respect to the indefiniteness rejection, the examiner stated: "[r]egarding claim 15, it is not

clear whether a 'user remote access device (line 11)' and a 'system-independent remote access

device (line 15)' are the same." Ex. C, p. 4.  Note that the term "system-independent remote

access device" does not include the term "user."  Thus, the Court's reliance on the examiner's

concern with the term "system-independent **user** remote access device" is erroneous because the

claim never included that term.

---

[1] In response to the new matter rejection, Klausner deleted the term "system-independent" from
the claim.

In response to the indefiniteness rejection, Klausner did not simply delete the term

"system-independent" as erroneously stated by the Court.  Klausner also added the term "user"

to part (b) of the claim as shown below:

> 15.   A telephone message system ... comprising:
> (a) a telephone answering device, which comprises:
> . . . .
> means for transmitting said first signals to a user remote access device for
> assisting in the selective retrieval of at least one of said stored voice messages;
> . . . .
> and
> (b) a ~~system-independent~~ user remote access device, which comprises:
> . . . .

Ex. D, p. 2.

The amendment of Claim 15 was accompanied by the following remarks by Klausner

clearly indicating that Klausner understood that the rejection was based on whether a "**user**

remote access device" was the same device as a "remote access device" :

> Claim 15 stands rejected under 35 U.S.C. § 112, second paragraph, as being
> indefinite since it is not clear if the "user remote access device (line 11) and the
> "remote access device" (line 15) are the same.  In response, applicants have
> amended line 15 of claim 15 to recite a "user remote access device in order to
> make the claim language consistent.

Ex. D, p. 20 (emphasis in original).

Thus, the Court's assertion that "the inventors removed 'system independent' to 'make

the claim language consistent'" is also erroneous.  As shown above, Klausner added the term

"user" to distinguish between a *user remote access device* and a *remote access device*, i.e., to

"make the claim language consistent."

## B.   The Public, Including Vonage, Is Entitled To Rely On Klausner's Actions During Prosecution Of The '576 Patent

In response to the indefiniteness rejection, Klausner could have argued that the terms

"user remote access device" and "remote access device" identify the same device and are used

5

interchangeably; or Klausner could have deleted the word "user" from line 11 (part (a)) so that the claim recited only a "remote access device." Instead, Klausner clearly and unequivocally amended part (b) of the claim to read "user remote access device" thus clarifying the record that a "user remote access device" comprises the structure as set forth in part (b) of the claim. The public, including Vonage, is entitled to rely on the actions taken by Klausner during prosecution of the '576 patent in order to gain allowance of the claims. Klausner cannot now take a position in litigation which is directly contrary to the express statements and amendments made during prosecution of the '576 patent. *See, e.g., Zenith Lab., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1424 (Fed. Cir. 1994) (prosecution history estoppel precludes a patentee from obtaining in an infringement suit protection for subject matter which it relinquished during prosecution in order to obtain allowance of the claims).

C.      **Claims 2, 5, and 20 Have No Bearing On The Construction Of The Term "User Remote Access Device"**

The Court's reliance on the premise that the terms "user remote access device" and "remote access device" are used interchangeably in Claims 2, 5 and 20 as supporting the Court's conclusion that Klausner has overcome the presumption is also in error.

With respect to Claim 2, the Court states that "Claim 2, which depends from Claim 1, references the 'user remote access device' of Claim 1 by calling it a 'remote access device.'" Memorandum Opinion and Order at 12. However, in relying on Claim 2, the Court overlooks the rejection and subsequent amendment of Claim 1 (Claim 15). As discussed above, Claim 1 was rejected as being indefinite under 35 U.S.C. § 112 because "it is not clear whether a 'user remote access device (line 11)' and a 'system-independent remote access device (line 15)' are the same." Ex C, p. 4. In response, Klausner amended Claim 1 to add the term "user" so that part (b) of the claim recited the structure of a "**user** remote access device." Klausner's failure to

amend Claim 2 when it amended Claim 1 renders Claim 2 invalid as being indefinite for the

same reason that Claim 1 was rejected.  Klausner's failure to amend Claim 2 does not now

provide Klausner with a basis in litigation for arguing a position directly contrary to the

amendment made to Claim 1 to overcome a rejection of that claim.

With respect to Claims 5 and 20, each reads, in relevant part, as follows:

> 5.      A telephone message system ... comprising:
> (a) a telephone answering device, which comprises:
>
> . . . .
> means for transmitting said first signals to a **user remote access device**
> for assisting in the selective retrieval of at least one of said stored voice messages;
>
> . . . .
> and
> (b)  a **remote access device**, which comprises:
>
> . . . .
> 20.      A telephone message system ... comprising:
> (a) a telephone answering device, which comprises:
>
> . . . .
> means for transmitting said identified caller names to a **user remote
> access device** for assisting in the selective retrieval of at least one of said stored
> voice messages;
>
> . . . .
> and
> (b)  a **remote access device**, which comprises:
>
> . . . .

'576 patent, Claims 5 and 20 (emphasis added).

As shown, each of these claims suffers from the identical indefiniteness problem that

formed the basis of the examiner's rejection of Claim 1 to which Klausner acquiesced.  Klausner

failed to amend Claims 5 and 20 to correct the indefiniteness deficiency in those claims

rendering each of the claims invalid as indefinite.  Klausner's failure to amend Claims 5 and 20

does not now provide Klausner with a basis in litigation for arguing a position directly contrary

to the amendment made to Claim 1 to overcome the rejection of that claim.

Even if Claims 5 and 20 are not indefinite, Claims 5 and 20 do not use the terms "user remote access device" and "remote access device" interchangeably as stated by the Court. As shown above, each of the claims specifies in part (a) a telephone answering device comprising a means for transmitting to a "user remote access device." Part (b) of the claims specifies a "remote access device" without reliance on part (a) for an antecedent recitation, i.e., part (b) does not recite "**said** remote access device" or "**the** remote access device" which would indicate that the terms are being used interchangeably.

Thus the Court's statement that "Vonage's proposed construction would have the effect of importing the limitations of Claim 1 into all claims when claims 2 and 5-13 include a 'remote access device' that contains different elements" is erroneous. Memorandum Opinion and Order at 12-13. Construing the term "user remote access device" as used in part (a) of claims 5 and 20 consistent with the meaning of the term set forth in Claim 1 does not affect the meaning of the term "remote access device" recited in part (b) of claims 5 and 20.

Claim 1 remains the only claim where the structure of a "user remote access device" is specified in the entire written description. The fact that the structure is specified in means-plus-function form is not relevant. The record does not rebut the presumption that the identical term has the same meaning in Claim 3, particularly when Klausner clearly and unequivocally distinguished a "user remote access device" from a "remote access device" in obtaining allowance of the claims.

Vonage requests that the Court affirm Vonage's objections and reconsider the construction of the term "user remote access device" in view of the correct prosecution record.

8

Dated:  August 24, 2007

By:/s/ Ryan T. Hardee
    Patrick D. McPherson
    D. Joseph English
    Barry Golob
    Ryan Hardee
    Duane Morris LLP
    1667 K Street N.W.
    Washington, DC 20006-1608
    202-776-7800
    djenglish@duanemorris.com
    pdmcpherson@duanemorris.com
    bgolob@duanemorris.com
    rthardee@duanemorris.com

    Eric M. Albritton
    State Bar No. 00790215
    Albritton Law Firm
    P.O. Box 2649
    Longview, TX 75606
    (903) 757-8449
    (903) 758-7397 (facsimile)
    ema@emafirm.com

    Thomas John Ward, Jr
    Ward & Smith Law Firm
    P.O.Box 1231
    Longview, TX 75606-1231
    (903) 757-6400
    (903) 757-2323 (facsimile)
    jw@jwfirm.com

*Attorneys for Defendants Vonage Holdings Corp. and  Vonage America, Inc..*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| KLAUSNER TECHNOLOGIES, INC.,<br>a New York corporation, | §<br>§<br>§ | |
| | § | |
| Plaintiff, | § | C.A.No. 2:06-cv-275(LED) |
| | § | |
| vs. | § | JURY DEMANDED |
| | § | |
| VONAGE HOLDINGS CORP., a Delaware corporation,<br>VONAGE AMERICA, INC., a Delaware corporation,<br>GLOBALTOUCH TELECOM, INC.         ,<br>a Delaware corporation, SPEAKEASY, INC.,<br>a Georgia corporation, | §<br>§<br>§<br>§<br>§ | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2007, a true and correct copy of the foregoing VONAGE'S OBJECTIONS TO THE MEMORANDUM OPINION AND ORDER DATED AUGUST 7, 2007 CONSTRUING THE CLAIMS OF THE ''576 PATENT was electronically served via the Court ECF system on counsel for Plaintiff:

> Sean Luner, Esquire
> Dovel & Luner LLP
> 201 Santa Monica Boulevard
> Suite 600
> Santa Monica, CA  90401
> sean@dovellaw.com

DM2\1235114.1

By:/s/ Ryan T. Hardee_____
    D. Joseph English
    Patrick D. McPherson
    Barry Golob
    Ryan T. Hardee
    Duane Morris LLP
    1667 K Street N.W.
    Washington, DC 20006-1608
    202-776-7800
    djenglish@duanemorris.com
    pdmcpherson@duanemorris.com
    bgolob@duanemorris.com
    rthardee@duanemorris.com

    Eric M. Albritton
    State Bar No. 00790215
    Albritton Law Firm
    P.O. Box 2649
    Longview, TX 75606
    (903) 757-8449
    (903) 758-7397 (facsimile)
    ema@emafirm.com

    Thomas John Ward, Jr
    Ward & Smith Law Firm
    P.O.Box 1231
    Longview, TX 75606-1231
    (903) 757-6400
    (903) 757-2323 (facsimile)
    jw@jwfirm.com


    *Attorneys for Defendant Vonage America, Inc.*
    *and Vonage Holdings Corp.*

DM2\1235114.1